*167
 
 Pearson,
 
 J.
 

 Had the plaintiff in 1834, in an action on the case for overflowing land, &c., on the plea of “ not guilty,” obtained a verdict and judgment for damages against the defendant, and afterwards, in 1851, brought a second action on the case for overflowing his land, &c., it is settled, that the verdict and judgment in the first' action, is inadmissible as evidence, and cannot be pleaded as an estoppel in the second action.
 
 Bennet
 
 v.
 
 Holmes,
 
 1 Dev. and Bat. 486;
 
 Long
 
 v.
 
 Baugus,
 
 2 Ire. 292;
 
 Rogers
 
 v.
 
 Ratcliff,
 
 decided at this term. In those cases, the subject is fully discussed, and the argument is exhausted. Such being the rule, in regard to a verdict and judgment in a former action on the case, upon the plea of the general issue, of course the like rule must apply in regard to a verdict and judgment in a proceeding by petition under the statute, which is summary, and is designed as a substitute for the action on the case. Indeed, the statute enacts that the judgment shall have force and effect for the term of five years in certain cases, after which, the matter stands in
 
 statu quo,
 
 and the parties may commence
 
 de novo.
 
 So that the first proceeding is not conclusive, and fixes nothing. Dio rights of the parties, and the condition of tilings at the commencement of the second proceeding being open questions.
 

 In our case, his Honor allowed the defendant to be trammelled, and bound to some extent, by the proceeding in 1834; in this manner: it is established that, in 1834, the dam was too high; the dam in 1851, is as high as it was in 1834;
 
 ergo,
 
 it is too high in 1851. It will be remarked, that the minor premise is not established by the record, but must be proven by the testimony of witnesses, and matters
 
 de hors ;
 
 so, it is not conclusive as evidence, and cannot be pleaded as an estoppel ; and consequently, it must be passed on by the jury in the second case. This being so, there is no authority, or reason, why the second jury should not pass upon the
 
 whole matter,
 
 in as full and free a manner as was done by the first jury.
 

 Per Curiam,
 

 Venire de novo.